JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Obadiah Smith ("Smith") appeals from his conviction in Cuyahoga County Court of Common Pleas Case No. CR 435952 for one count of aggravated robbery in violation of R.C. 2911.01 with a notice of prior conviction pursuant to R.C.2929.13(F). Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. On April 7, 2003, Smith was indicted on one count of aggravated robbery with a notice of prior conviction and a repeat violent offender specification. On July 21, 2003, Smith pled guilty to an amended indictment of aggravated robbery, a felony of the first degree, punishable by three to ten years in prison and a fine of up to $20,000 with the notice of prior conviction. Pursuant to R.C.2929.13(F), the notice of prior conviction makes prison mandatory. On July 25, 2003, Smith was sentenced to eight years in prison.
 {¶ 3} Smith filed a timely appeal alleging that he was not informed that he was subject to a mandatory prison sentence. Smith advances one assignment of error for our review.
 {¶ 4} "I. Appellant's plea was not knowingly and intelligently made where he was not advised that the prison sentence was mandatory."
 {¶ 5} Smith contends that his plea was not knowingly and voluntarily entered because the trial court did not expressly inform him on the record that the offense to which he pled guilty made him ineligible for probation. We disagree.
 {¶ 6} A reviewing court will not vacate a guilty plea if it determines that the trial court substantially complied with Crim.R. 11(C). State v. Harris (Dec. 11, 1997), Cuyahoga App. No. 71897. In State v. Nero (1990), 56 Ohio St.3d 106, the Ohio Supreme Court stated:
 {¶ 7} "Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of the defendant's plea by ensuring an adequate record for review * * *. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights that he is waiving * * *. Where the totality of the circumstances indicates that the defendant knew he was ineligible for probation and was not prejudiced by the court's failure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to a nonprobationable crime * * * without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim.R. 11." Id. at 107-108.
 {¶ 8} In the instant case, the record demonstrates that Smith was well aware of the fact that he was ineligible for probation. Prior to Smith's plea of guilty, the prosecutor outlined the plea agreement stating, "the defendant is pleading guilty to aggravated robbery with a notice of prior conviction. Aggravated robbery carries with it a term of imprisonment of anywhere from three to ten years, which must be served in one year increments as well as a $20,000 fine. Notice of prior conviction means he must serve a prison term of at least three years." (Tr. at 7.) The court then swore in the defendant and proceeded through a series of questions informing Smith of the rights he would be waiving if he pled guilty. The court asked Smith if he was on probation or parole; Smith responded that he was on "PRC" [post-release control]. The court stated to Smith, "you understand the parole board is an entirely different entity and could add additional prison time and wouldn't have anything to do with what this Court does?" Smith responded "Yes." (Tr. at 13.) The court went on to ask if Smith was satisfied with his attorney and again he responded "Yes." Finally, the court stated "[i]n your case, Mr. Smith, you're pleading guilty to aggravated robbery with a notice of prior conviction, a felony of the first degree, punishable by anywhere from three to ten years in prison and up to a $25,000 fine." Smith responded, "I understand, your Honor." (Tr. at 17-18.) Smith subsequently pled guilty.
 {¶ 9} At sentencing, Smith's attorney, who was present when Smith pled guilty, stated: "Your honor, we know the fact that under 2929.12 and .13 — and he understands this — he has to go to prison because of this. He has a notice of prior conviction. * * * [W]e would ask that you impose the minimum in this particular case." (Tr. at 33-34.)
 {¶ 10} A review of the transcript reveals that at no time did Smith or his attorney waver regarding the terms of the plea and the possible sentence that could be imposed. Nowhere in the record does it indicate that Smith may have thought he would be eligible for probation. The prosecutor clearly indicated that Smith must serve a prison term of at least three years. Furthermore, the court clearly indicated to Smith that he would be punished anywhere from three to ten years. The court never said it may impose a "possible" prison term or that there was a "presumption" of prison. The court simply indicated the range of time he would be serving, nothing more than ten years and nothing less than three years.
 {¶ 11} The mere fact that the court did not specifically say "You are ineligible for probation" or "This offense requires a mandatory term of prison" will not be fatal unless the record clearly indicates that the defendant was unaware that he would be sent to prison upon a plea of guilty and he was prejudiced by that fact. The test is whether the plea would not have otherwise been made. Nero, 56 Ohio St.3d at 108, citing State v. Stewart
(1977), 51 Ohio St.2d 86.
 {¶ 12} It is clear from the record that Smith was aware that he would be sentenced to prison for at least three years. In light of the statements of Smith's attorney at sentencing, it is clear that Smith was willing to plead guilty, knowing his possible exposure, and only hoped for the minimum sentence. Therefore, we find that Smith's plea was made knowingly, intelligently, and voluntarily. Smith's assignment of error is overruled.
 {¶ 13} The judgment is affirmed.
Judgment affirmed.
 Sweeney, P.J., and Rocco, J., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.