OPINION
{¶ 1} Appellant, Daniel P. Brown ("Brown"), appeals the April 10, 2003 judgment entry of the Geauga County Court of Common Pleas sentencing him to serve a mandatory ten-year prison term at a state penal institution. For the following reasons, we affirm the judgment imposed by the court below.
 {¶ 2} On October 15, 2002, the Grand Jury of Geauga County indicted Brown on three counts, each involving the specification of a victim who is less than ten years of age, a first degree felony in violation of R.C. 2907.02(A)(1)(b). The charges and specification stemmed from Brown's repeated sexual abuse of his eight year old daughter. Subsequently, the charges were amended to delete the specification that the victim was less than ten years of age.[1] On January 23, 2003, Brown entered a plea of guilty to three counts of rape. On April 2, 2003, the trial court held a sentencing hearing. The court sentenced Brown to ten years in prison for each rape count to be served concurrently and a $500 fine on each count. Brown raises the following assignments of error for review:
 {¶ 3} "[1.] The trial court erred by accepting appellant's guilty plea without first advising appellant that he was ineligible for community control sanctions.
 {¶ 4} "[2.] The trial court erred by accepting appellant's guilty plea without first finding that appellant was aware that the court could immediately proceed to judgment and sentencing upon acceptance of his plea, pursuant to Crim.R. 11.
 {¶ 5} "[3.] The trial court's imposition of the maximum sentence upon appellant is contrary to law."
 {¶ 6} In his first two assignments of error, Brown argues that the trial court erred by accepting his guilty plea without complying with the procedural requirements of Crim.R. 11(C). Pursuant to Crim.R.11(C)(2), a trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 7} "(a) Determining that the defendant is making theplea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable,that the defendant is not eligible for probation or for theimposition of community control sanctions at the sentencing hearing.
 {¶ 8} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, mayproceed with judgment and sentence.
 {¶ 9} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving his rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." (Emphasis added.)
 {¶ 10} Specifically, Brown complains that the trial court failed to inform him that he was ineligible for probation or community control sanctions and that the court could proceed immediately to judgment and sentence.
 {¶ 11} While literal compliance with the requirements of Crim.R. 11(C)(2) is the preferred practice, and is in some instances required, "the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance." State v. Nero (1990), 56 Ohio St.3d 106, 108, citing State v. Stewart (1977), 51 Ohio St.2d 86, 92. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Stewart,supra; State v. Carter (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980),445 U.S. 953. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart,supra, at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made. Id." Id.
 {¶ 12} In the present case, the trial judge never directly informed Brown that he was ineligible for probation or community control sanctions. It is well-established, however, that a trial court substantially complies with the requirement of CrimR. 11(C)(2)(a) when the court informs a defendant that a mandatory prison sentence will be imposed and the defendant subjectively understands that his sentence must include prison time. The reasoning is that a defendant who understands that actual incarceration is mandatory necessarily understands that he is ineligible for probation or community control sanctions and, therefore, cannot demonstrate prejudice as a result of the court's failure to comply literally with the rule. Nero,56 Ohio St.3d 106, at syllabus, 108-109; Stewart 51 Ohio St.2d 86, at syllabus, 91-92; State v. Scarnati, 11th Dist. No. 2001-P-0063, 2002-Ohio-711, 2002 Ohio App. LEXIS 776, at *14-*19;State v. Gruber, 11th Dist. No. 2000-L-031, 2001-Ohio-8898, 2001 Ohio App. LEXIS 5057, at *5-*7; State v. Knapp (June 18, 1999), 11th Dist. No. 97-P-0060, 1999 Ohio App. LEXIS 2820, at *9; State v. Hoskins (June 16, 1998), 10th Dist. No. 97APA10-1384, 1998 Ohio App. LEXIS 2668, at *8-*10; State v.Lewis (Aug. 19, 1994), 11th Dist. No. 92-T-4687, 1994 Ohio App. LEXIS 3652, at *4-*5.
 {¶ 13} At Brown's plea agreement hearing, the following colloquy occurred between the trial judge and Brown:
 {¶ 14} "The Court: In regards to the charges to which you will be pleading guilty the possible penalties are on each count imprisonment in the state prison system for specific periods of time of three years on up to ten years. Prison sentence is mandatory. You are guaranteed at least three years in prison. Could be consecutive, so the top end could be 30 years in prison. Do you understand that?
 {¶ 15} "The Defendant: Yes, sir.
 {¶ 16} "The Court: The state's agreement is they will not recommend a specific sentence. They're going to argue for an indefinite sentence which simply means they are not going to say send you for ten, send you for thirty, or send you for three. They're going to argue to send you to prison which is a guarantee. You are going to prison.
 {¶ 17} "The Defendant: Yes, Sir.
 {¶ 18} "The Court: Do you understand?
 {¶ 19} "The Defendant: Yes, Sir.
 {¶ 20} "The Court: The only issue is how long. Are you clear on that?
 {¶ 21} "The Defendant: Yes, Sir."
 {¶ 22} Given this record, we find that Brown subjectively understood that he would be sentenced to actual incarceration and would not, therefore, be eligible for probation or community control sanctions. Brown cannot demonstrate that he was prejudiced by the trial court's failure to specifically advise him that he was not eligible for probation or community control sanctions. Brown's first assignment of error is without merit.
 {¶ 23} Brown's second argument is that the trial court failed to comply with the requirement of Crim.R. 11(C)(2)(b) by expressly advising him that "upon acceptance of the plea, [the court] may proceed with sentence and judgment." Although the trial court failed to advise Brown that sentence could be imposed immediately upon the court's acceptance of Brown's plea, that failure does not invalidate Brown's plea. As with the requirement that the court inform a defendant that he is not eligible for probation, the requirement that the court inform a defendant that it may proceed immediately with sentencing only invalidates a plea if the defendant can demonstrate a prejudicial effect.Nero, 56 Ohio St.3d at 108, citing Stewart,51 Ohio St.2d at 93. When the trial court does not proceed immediately with sentencing, the courts hold that a defendant is not prejudiced by the court's failure to advise that it could have proceeded immediately with sentencing. State v. Martin, 11th Dist. No. 2002-L-110, 2004-Ohio-518, at ¶ 13; State v. Johnson, 11th Dist. No. 2002-L-024, 2004-Ohio-331, at ¶ 20; State v. Fulton,
2nd Dist. No. 2002 CA 62, 2003-Ohio-1556, at ¶¶ 4-6, reversed on other grounds, 99 Ohio St.3d 475, 2003-Ohio-4169; State v.Hughes, 11th Dist. No. 2000-A-0046, 2001-Ohio-3922, 2001 Ohio App. LEXIS 4800, at *6; State v. O'Neal (Sept. 29, 1999), 9th Dist. No. 19255, 1999 Ohio App. LEXIS 4515, at *4.
 {¶ 24} In the present case, the trial court accepted Brown's plea at a hearing on January 23, 2003. At this time, the court ordered a presentence investigation report and continued Brown's bond so that he remained free until the sentencing hearing. It was not until April 2, 2003, over two months later, that Brown was actually sentenced. In these circumstances, Brown cannot demonstrate any prejudicial effect as a result of the trial court's failure to advise him that it could have proceeded immediately to sentencing. Brown's second assignment of error is overruled.
 {¶ 25} In his final assignment of error, Brown argues that the trial court erred by imposing the maximum sentence of ten years imprisonment for each count of rape. R.C. 2929.14(A)(1).
 {¶ 26} An appellate court reviews a felony sentence under a clear and convincing evidence standard of review. R.C.2953.08(G)(2). An appellate court may not disturb a sentence unless the court "clearly and convincingly finds" that "the record does not support the sentencing court's findings," or that "the sentence is otherwise contrary to law." R.C.2953.08(G)(2)(a) and (b). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 27} Pursuant to R.C. 2929.14(C), a "court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." The Ohio Supreme Court has held that "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." State v. Edmonson,86 Ohio St.3d 324, 329, 1999-Ohio-110. In the present case, the trial court found on the record that Brown committed one of the worst forms of the offense and that he posed the greatest likelihood of committing this crime in the future. "However, these findings alone are insufficient for the imposition of a maximum sentence. When imposing a maximum sentence, the trial court must also comply with R.C. 2929.19(B)(2)(d), which requires the trial court to give its reason for imposing the maximum prison term." Statev. Chike, 11th Dist. No. 2001-L-120, 2002-Ohio-6912, at ¶ 8;State v. Edmonson (Sept. 25, 1998), 11th Dist. No. 97-P-0067, 1998 Ohio App. LEXIS 4541, at *21 ("the court must submit findings of the operative facts and the reasoning as to why the court considered this to be one of the `worst forms of the offense'"), affirmed 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 28} In determining that the offender has committed the worst form of the offense, "[t]he trial court does not have to imagine the most abhorrent form of the offense." State v.Nelson, 11th Dist. No. 2001-A-0076, 2002-Ohio-6701, at ¶ 19, citing State v. Boshko (2000), 139 Ohio App.3d 827, 837. The trial court should consider the totality of the circumstances.State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 Ohio App. LEXIS 3334, at *10, citing State v. Garrard (1997),124 Ohio App.3d 718, 723. This court has previously counseled that the determination that an offender has committed the worst form of an offense may be evaluated in terms of the factors set forth in R.C. 2929.12 "indicating that the offender's conduct is more serious than conduct normally constituting the offense." R.C. 2929.12(B); Edmonson, 1998 Ohio App. LEXIS 4541, at *21. "[W]hen the factors of R.C. 2929.12 are expressly considered, the language used in R.C. 2929.14(C) pertaining to the `worst forms of the offense' * * * is susceptible of definition." Id.
 {¶ 29} In the present case, the trial court made the following findings at the sentencing hearing: "[Y]ou're getting the maximum [sentence] because I do find that you committed the worst form of the offense. How can it be the worst form when you are messing with a little kid? Well, the worst form is you bribed her. Here's a trinket. Come commit fellatio on your Daddy. There is a kid I'd really hate to look into her mind. What a way to bring her up, your own daughter. Not that it's any better if it were somebody else's daughter or it were a stranger. This is your own daughter. You want to blame it on alcohol. If that's what you've got to do to live with yourself, you go ahead and do that because you're going to have ten years to think about those drinks because I do find that you committed the worst form of the offense. * * * And as reasons I do state the age of the victim [the child was eight-years-old at the time of the offense], the fact that she's your own daughter, the fact that you failed to acknowledge that you committed the crime. I mean, you entered a guilty plea but you're saying I was drunk. I'm a black out drunk. Black out drunks don't go out and do their daughters. You did."
 {¶ 30} We find that the trial court complied with R.C.2929.14(C) by stating, after considering the totality of the circumstances, that Brown committed the worst form of the offense. The trial court cited specifically to the victim's age, which is one of the statutory factors indicating that the offender's conduct is more serious than normal. R.C.2929.12(B)(1).[2] There are numerous instances where a particular rape was considered one of the worst forms of the offense when it involved a minor. State v. Millet, 8th Dist. No. 80527, 2002-Ohio-5332, at ¶ 16 (upholding ten-year sentence for rape of a nine-year-old girl); State v. Voshel, 12th Dist. No. 00CA33, 2001-Ohio-2596, 2001 Ohio App. LEXIS 6059, at *12-*15 (upholding ten-year sentence for rape of a four-year-old boy);State v. Nagel (Nov. 17, 1999), 1st Dist. Nos. C-980930 and C-980948, 1999 WL 1488936 (upholding ten-year sentence for rape of a twelve-year-old girl).
 {¶ 31} The trial court cited the fact that Brown took no responsibility for his conduct, maintaining that it only happened because he was "black out" drunk. We note that this factor is normally considered in the context of the likelihood that the offender will commit future crimes. R.C. 2929.12(D)(5). However, this court has held that the fact that the offender was under the influence of drugs and/or alcohol during the commission of the offense is a basis for finding the worst form of the offense.Thomas, 1999 Ohio App. LEXIS 3334, at *11; also, State v.McCarthy, 7th Dist. No. 01 BA 33, 2002-Ohio-5185, at ¶ 16.
 {¶ 32} Finally, and most convincingly, the trial court noted that the victim was Brown's own daughter, i.e. that the rape was incestuous. Incestuous rape includes an additional element to the offense — abuse of parental trust. The trial court did not expressly find that Brown's position as the victim's father facilitated the offense, although the court did suggest as much by noting the manner in which Brown induced the rape. Cf. Statev. Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-302 ("[t]he Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors"). The fact that a rape is incestuous, without more, does not always mandate a finding that the rape is the worst form of the offense. In this case, however, the fact that the rape is incestuous does support the conclusion that this is one of the worst forms of rape. McCarthy, 2002-Ohio-5185, at ¶ 16 ("the trial court's focus on the relationship [between the offender and the victim] of cousin supports the finding that the offense is the worst form because it also constituted incest");State v. Gray (Dec. 11, 1998), 1st Dist. No. C-970933, 1998 Ohio App. LEXIS 5912, at *6 (defendant "had committed the worst form of the offense by compounding rape with incest").
 {¶ 33} We reject Brown's argument that the trial court "changed its mind" about the fact that the victim being Brown's own daughter made the offense one of the worst forms of rape by stating "[n]ot that it's any better if it were somebody else's daughter or it were a stranger." Here, the trial court was merely trying to articulate that there is no "good" form of rape or that rape is somehow more excusable when it is committed against a non-family member.
 {¶ 34} Brown also suggests that his sentence is invalid because the trial judge was unable to separate his subjective moral outrage from his statutory obligations. In support of this assertion, Brown quotes the trial judge's comments made at the close of the sentencing hearing that while the psychologist who evaluated Brown for the presentence investigation report "is required to apply tests and score data[,] I get to be morally outraged and I am, as anybody should be." We disagree.
 {¶ 35} Although a sentencing judge is bound to make the findings and consider the relevant factors as required by the sentencing law, the manner in which a judge performs these duties may be guided by that judge's background, experiences, and moral values. Arnett, 88 Ohio St.3d at 216-217 (the trial judge's reference to a particular verse of the Bible in sentencing a defendant for rape of a minor did not violate the sentencing laws); State v. Fox, 69 Ohio St.3d 183, 193, 1994-Ohio-513
(citation omitted) ("[t[he process of weighing mitigating factors, as well as the weight, if any, to assign a given factor is a matter for the discretion of the individual decisionmaker"). As the Ohio Supreme Court has recognized: "A judge's sentencing requires the exercise of personal judgment; the court is not required to divorce itself from all personal experiences and make his decision in a vacuum." State v. Cook (1992),65 Ohio St.3d 516, 529, citing Barclay v. Florida (1983), 463 U.S. 939, 950
("[i]t is entirely fitting for the moral, factual, and legal judgment of judges and juries to play a meaningful role in sentencing").
 {¶ 36} We have reviewed the record of Brown's sentencing and find that the trial judge adhered to the sentencing procedures outlined in the Revised Code by finding that Brown committed one of the worst forms of the offense, that the record supports this finding, and that Brown's sentence is not otherwise contrary to law. Further, the trial judge was entitled to be "morally outraged" at what he perceived to be Brown's avoidance of responsibility for his conduct and at the manner in which Brown inflicted the rape. Brown's third assignment of error is overruled.[3]
 {¶ 37} For the foregoing reasons, the decision of the Geauga County Court of Common Pleas, sentencing Brown to ten years of imprisonment, is affirmed.
Judgment affirmed.
Christley and O'Neill, JJ., concur.
[1] Pursuant to R.C. 2907.02(B), whoever is found gulty under division (A)(1)(b), where the victim is less than ten years of age, "shall be imprisoned for life."
[2] We note that it was proper for the trial court to consider the age of the victim since Brown only pled guilty to simple rape. Brown had been originally indicted with a specification that the victim was less than ten years of age. This specification, which carried a mandatory life sentence, was dropped from the indictment as part of Brown's plea agreement.
[3] The trial court also found that Brown posed the greatest likelihood of committing this crime again. Since we hold that the trial court properly found that Brown committed one of the worst forms of the offense, we need not consider the sufficiency of the court's finding that Brown posed the greatest likelihood of committing future offenses. State v. Cook, 11th Dist. No. 2003-L-009, 2004-Ohio-793, at ¶ 27 (citations omitted); State v.Chike, 11th Dist. No. 2001-L-120, 2002-Ohio-6912, at ¶ 14. R.C.2929.14(C) only requires the sentencing court to find that an offender falls into one of the categories described therein in order to impose the longest prison term authorized for a felony offense.