[Cite as *State v. Lauth*, 2013-Ohio-3478.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**


STATE OF OHIO,                              :         **O P I N I O N**

        Plaintiff-Appellee,         :

   - vs -                                       :         **CASE NO.  2012-T-0067**

WILLIAM J. LAUTH,                       :

        Defendant-Appellant.      :


Criminal Appeal from the Trumbull County Court of Common Pleas, Case No.  2010 CR 00824.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Jay Blackstone*, Summit Professional Center, 6600 Summit Drive, Canfield, OH 44406 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1}     Defendant-appellant, William J. Lauth, appeals his conviction and sentence for three counts of Rape, following the entry of a guilty plea, in the Trumbull County Court of Common Pleas.  The issues before this court are whether the failure, during the plea colloquy, to advise a defendant that the court could proceed immediately to sentencing and that he would not be eligible for probation/community control

sanctions renders the plea invalid; whether the failure to ask defense counsel at sentencing if counsel wished to address the court constitutes reversible error; and whether a plea is rendered invalid by defense counsel's failure to file a motion to suppress. For the following reasons, we affirm the decision of the court below.

{¶2} On November 23, 2010, the Trumbull County Grand Jury issued an Indictment charging Lauth with three counts of Rape, felonies of the first degree in violation of R.C. 2907.02(A)(2) and (B); three counts of Rape, felonies of the first degree in violation of R.C. 2907.02(A)(1)(c) and (B); and three counts of Sexual Battery, felonies of the third degree in violation of R.C. 2907.03(A)(5) and (B).

{¶3} On June 20, 2011, a change of plea hearing was held. The State provided the following factual basis for the charges:

{¶4} Specifically, the State would have shown that on August 28th, 2010 at 1905 Southern Boulevard, Apartment 67, in Warren City, Trumbull County, Ohio, the defendant committed three counts of rape, all felonies of the first degree. Specifically, the State would have shown that defendant engaged in three separate acts of sexual conduct, oral sex, digital penetration, and vaginal intercourse, with a minor female, age sixteen, date of birth 9-3-93, by compelling her to submit by force or threat of force. The defendant was an authority figure to the victim.

{¶5} The State would have offered the testimony of the victim, as well as Detective Currington from the Warren Police Department, employees of Children Services, and Dr. McPherson from the Child Advocacy Center

2

and would have offered into the evidence the victim's medical records, as well as the defendant's recorded confessions.

{¶6} Lauth pled guilty to the first three counts of the Indictment, and the State moved to nolle the remaining counts.

{¶7} On August 3, 2011, a sentencing hearing was held. Lauth addressed the court as follows: "Ain't much I can say is that I feel bad for what I did and I couldn't live with it. That's why I turned myself in. I just hope that she gets better and don't have to live with it for very much."

{¶8} The trial court sentenced Lauth to serve concurrent ten-year terms of imprisonment for each count of Rape, for an aggregate prison term of ten years. The court advised Lauth that he will be required to register as a Tier III sex offender and subject to postrelease control upon his release from prison.

{¶9} On August 14, 2012, Lauth filed a Motion for Leave to File Delayed Appeal.

{¶10} On November 28, 2012, Lauth was granted leave and appellate counsel was appointed to represent Lauth in the prosecution of the appeal.

{¶11} On February 1, 2013, appointed counsel filed a Motion to Withdraw under *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (allowing counsel to withdraw "if counsel finds his case to be wholly frivolous"). Appointed counsel identified two possible assignments of error:

{¶12} "[1.] The trial court committed prejudicial error in accepting the Defendant-Appellant's plea of guilty to three counts of Rape under R.C. 2907.02(A)(2) & (B)."

3

{¶13} "[2.] The trial court committed prejudicial error in sentencing the Defendant to ten years in the penitentiary."

{¶14} On May 22, 2013, Lauth raised an additional assignment of error:

{¶15} "[3.] The appellant was denied effective assistance from defense counsel's failure to file a motion to suppress."

{¶16} In the first assignment of error, Lauth contends that the trial court failed to determine that he was making his plea knowingly, intelligently, and voluntarily, by not fully complying with the requirements of Criminal Rule 11.

{¶17} The Ohio Rules of Criminal Procedure mandate that "the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * * [d]etermining that the defendant is making the plea voluntarily, with understanding * * * that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing" and "[i]nforming the defendant * * * that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(C)(2)(a) and (b); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 13 ("[b]efore accepting a guilty or no-contest plea, the court must make the determinations and give the warnings required by Crim.R. 11(C)(2)(a) and (b)").

{¶18} The trial court's compliance with the "nonconstitutional" notifications required by Criminal Rule 11(C)(2)(a) and (C)(2)(b) is reviewed under a substantial compliance standard. *Veney* at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and

4

the rights he is waiving. * * * Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." (Citations omitted.) *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶19} In the present case, the trial court did not expressly advise Lauth at the change of plea hearing that he was ineligible for probation but, rather, advised him that "[a] prison term is presumed necessary and it is mandatory in this case." The court also failed to advise Lauth that it could proceed to sentencing upon acceptance of the plea. Instead, the court ordered a presentence investigation report and held the sentencing hearing six weeks after acceptance of the plea. Lauth's written plea (Finding on Guilty Plea to the Amended Indictment) stated:

{¶20} I have been informed by the Court, and understand, that **I am not eligible for probation or community control sanction**. * * * I understand * * * that the Court, upon acceptance of a plea of guilty, can sentence me immediately after accepting my plea and upon completion of my sentencing hearing.

{¶21} At the change of plea hearing, Lauth affirmed that he understood the contents of this document and that he signed it freely and voluntarily.

{¶22} This court has rejected the proposition that these circumstances render a plea invalid. With respect to Lauth's ineligibility for probation and community control sanctions, "[i]t is well-established * * * that a trial court substantially complies with the requirement of Crim.R. 11(C)(2)(a) when the court informs a defendant that a mandatory prison sentence will be imposed and the defendant subjectively understands that his sentence must include prison time." *State v. Brown*, 11th Dist. No. 2003-G-

5

2504, 2004-Ohio-1843, ¶ 12 (cases cited). Here, the court informed Lauth that prison time was a necessary and mandatory part of the sentence that would be imposed. With respect to sentencing, "[t]his court has repeatedly held that '[w]hen the trial court does not proceed immediately with sentencing, * * * a defendant is not prejudiced by the court's failure to advise that it could have proceeded immediately with sentencing." *State v. McKenna*, 11th Dist. No. 2009-T-0034, 2009-Ohio-6154, ¶ 72 (cases cited). *See also State v. Young*, 11th Dist. No. 2009-T-0130, 2011-Ohio-4018, ¶ 57 ("evidence from the written plea agreement specifically reviewed by the trial court during the colloquy only reinforces [the] conclusion that [the defendant's] plea was knowingly, intelligently and voluntarily made").

{¶23} The first assignment of error is without merit.

{¶24} In the second assignment of error, Lauth argues that the trial court failed to afford defense counsel the opportunity to speak on his behalf at the sentencing hearing.

{¶25} "At the time of imposing sentence, the court shall * * * [a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Crim.R. 32(A)(1).

{¶26} Here, the trial court addressed Lauth personally and asked if he had anything to say before the court pronounced its sentence. The court did not personally address defense counsel and inquire if counsel wished to make a statement on Lauth's behalf.

6

{¶27}    We reject the contention that Criminal Rule 32(A)(1) requires a trial court to personally address defense counsel.  The plain language of the Rule mandates that defense counsel be afforded the opportunity to speak on defendant's behalf.  As with any attorney licensed in Ohio, defense counsel is presumed competent and there is no need for a court to expressly apprise him of the Rule 32 right of allocution.  *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999) ("in Ohio a properly licensed attorney is presumably competent").

{¶28}    In the present case, defense counsel initiated the sentencing hearing by calling a bench conference, which has not been described.  Following the conference, the trial court solicited statements from Lauth and the victim and then proceeded to impose sentence without further comment from either defense counsel or the prosecutor.  The record strongly suggests that defense counsel and the prosecutor argued their positions regarding Lauth's sentence during the bench conference.

{¶29}    The second assignment of error is without merit.

{¶30}    In the third assignment of error, Lauth argues that trial counsel was constitutionally ineffective for failing to file or pursue a motion to suppress statements he made to the police.  According to Lauth: "The prosecution's case against [him] hinged on statements he made to [the] police[;] without his statement there's a strong possibility that the motion would have been granted and the state would not have had evidence to convict."

{¶31}    To demonstrate ineffective assistance of counsel where the defendant has pled guilty, it must be shown that counsel's constitutionally deficient performance prevented the defendant from entering his plea knowingly and voluntarily.  *State v.*

7

*Madeline*, 11th Dist. No. 2000-T-0156, 2002 Ohio App. LEXIS 1348, *9-10 (Mar. 22, 2002); *State v. Scott*, 11th Dist. No. 2011-T-0027, 2011-Ohio-4887, ¶ 27 (recognizing that a valid guilty plea precludes a defendant from raising claims relating to the deprivation of constitutional rights that occurred prior to the acceptance of the guilty plea) (cases cited).

{¶32}    In the present case, Lauth presents no compelling argument or evidence that trial counsel was deficient or that the failure to file a motion to suppress statements he made to the police rendered his plea less than knowing and voluntary.  Lauth makes no argument as to what grounds existed for suppressing his statements to the police. At the sentencing hearing, Lauth stated that he "turned [him]self in," indicating his statements were made voluntarily.  In the absence of such evidence, it is impossible to evaluate the effectiveness of counsel's performance.  *State v. Tucholski*, 11th Dist. No. 2011-A-0069, 2012-Ohio-5591, ¶ 14 ("in the absence of any indication of what evidence would have been presented at the suppression hearing, this court is unable to determine if the motion to suppress had any merit"); *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 65 ("[t]o establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question").

{¶33}    Additionally, the State's recitation of the factual basis for the Rape charges demonstrates that they were supported by the victim's testimony and medical records, in addition to Lauth's statements.

{¶34}    The third assignment of error is without merit.

{¶35} For the foregoing reasons, Lauth's conviction and sentence for three counts of Rape is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.