[Cite as *State v. Spock*, 2014-Ohio-606.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99950**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TIMOTHY D. SPOCK

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-565398

**BEFORE:** Kilbane, J., Boyle, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** February 20, 2014

**ATTORNEY FOR APPELLANT**

Dale M. Hartman
2195 South Green Road
University Heights, Ohio 44121

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Andrew J. Santoli
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Timothy D. Spock, appeals from his guilty plea and the sentence imposed in connection with his convictions for aggravated vehicular homicide and other offenses. He assigns the following errors for our review:

I.      The trial court erred in violation of Crim.R. 11(C) by failing to explain the rights that defendant was waiving by pleading guilty.

II.     The trial court's failure to specifically inquire of defendant whether he understood the nature of the constitutional rights enumerated in Crim.R. 11(C) constitutes a violation of Due Process.

III.    The trial court erred by failing to inform defendant he was ineligible for probation thus destroying his ability to make a voluntary, knowing and intelligent choice in violation of Crim.R. 11.

IV.     The proceedings below were defective in that no inquiry was made regarding whether defendant understood the nature of the crime and consequently the court erred in accepting a plea which was neither knowingly, willingly, nor intelligently made in violation of Crim.R. 11 and defendant's constitutional rights.

V.      The trial court erred by failing to state on the record its justification for its failure to impose concurrent sentences for all counts.

VI.     The court erred in failing to merge all or some of the charges.

VII.    The sentence was disproportionate to the crimes.

{¶2} We have grouped the assignments of error together for analysis where it is appropriate to do so. Having reviewed the record and the case law, we affirm.

{¶3} On July 29, 2012, defendant drove through barriers erected on Clifton Boulevard and struck pedestrians attending a street festival. Two of the pedestrians,

Basil Bass and Mitchell Andelmo, died from their injuries. A third pedestrian, Constance Pokorny, sustained head injuries.

{¶4} On August 14, 2012, defendant was indicted on two counts of second-degree felony aggravated vehicular homicide, two counts of third-degree felony aggravated vehicular homicide, one count of third-degree felony aggravated vehicular assault, one count of fourth-degree aggravated vehicular assault, and one count of driving while under the influence of alcohol and/or drugs.

{¶5} Defendant pled not guilty to the charges. He subsequently reached a plea agreement with the state, and on November 1, 2012, he pled guilty to both counts of second-degree felony aggravated vehicular homicide, one count of third-degree felony charge of aggravated vehicular assault, and the count of driving while under the influence of alcohol and/or drugs. The remaining charges were dismissed.

{¶6} On December 13, 2012, the trial court imposed its sentence. The court sentenced defendant to consecutive six-year terms for the aggravated vehicular homicide charges and a consecutive three-year term for the aggravated vehicular assault charge. A three-year term of postrelese control was also ordered. The prison terms were ordered to be served concurrently with a six-month jail term on the charge of driving while under the influence of alcohol or drugs, and the court also imposed a fine, six driver's license points, and a three-year license suspension.

Crim.R. 11

**{¶7}** In his first and second assignments of error, defendant asserts that the trial court did not properly advise him of his constitutional rights before accepting the guilty plea. In considering whether a guilty plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record. *State v. Petitto*, 8th Dist. Cuyahoga No. 95276, 2011-Ohio-2391, ¶ 4; *State v. Siler*, 11th Dist. Ashtabula No. 2010-A-0025, 2011-Ohio-2326, ¶ 12.

**{¶8}** Crim.R. 11(C)(2) governs guilty pleas and provides:

In felony cases, the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶9}** In order to determine whether a criminal defendant knowingly, intelligently, and voluntarily entered a plea, we review the record to determine whether the trial court adequately advised the defendant of his constitutional and nonconstitutional rights set forth in Crim.R. 11(C). *State v. Nero,* 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

Constitutional Rights

**{¶10}** The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), at paragraph one of the syllabus; *State v. Stewart*, 51 Ohio St.2d 86, 88-89, 364 N.E.2d 1163 (1977). Strict compliance does not require an exact recitation of the precise language of the rule but instead focuses on whether the trial court explained or referred to the right in a manner reasonably intelligible to that defendant. *Ballard*.

**{¶11}** Also with regard to the trial court's duty to explain the defendant's constitutional rights, the court must advise the defendant of the right to a jury trial, the right to confront his or her accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *Veney* at ¶ 18. The court must determine that the defendant understands that by the plea the defendant is waiving the rights to a jury trial and to confront witnesses. *Id.* Nonetheless, "the trial court is not required to stop after each right and ask the defendant whether he understands the right and knows that by

pleading guilty, he is effecting a waiver of it." *Ballard* at 479-480; *State v. Compton*, 11th Dist. Lake No. 97-L-010, 1998 Ohio App. LEXIS 6361 (1998).

{¶12} In this matter, the trial court's colloquy regarding the constitutional rights was as follows:

> THE COURT: By law you have a right to have this case tried to a jury. You may give up that right and have a judge hear this case without a jury. You also have a right to a lawyer. Do you understand?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You do have the right to cross-examine all of the state's witnesses at trial. And by using the subpoena power, you have the right to bring into court witnesses on your behalf. The State of Ohio must prove your guilt with evidence beyond a reasonable doubt. And at trial you could not be forced to testify against yourself. Do you understand that?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Now, by entering into this plea, you're giving up those rights with an exception to your right to have a lawyer.
>
> THE DEFENDANT: Yes.

{¶13} The record therefore demonstrates that the trial court tracked the language of Crim.R. 11(C). The record additionally discloses that defendant had taken some college courses and his counsel believed that the plea would be knowingly, voluntarily, and intelligently made. We therefore conclude that the court's colloquy was reasonably intelligible to defendant. From the foregoing, we conclude that the trial court met its duty of strict compliance as it properly explained defendant's constitutional rights and determined that defendant understood the rights that he was waiving.

{¶14} The first and second assignments of error are therefore without merit.

Ineligibility for Probation

{¶15} Defendant's third assignment of error addresses whether the trial court properly informed him that he was ineligible for probation    The right to be informed of the ineligibility for probation is reviewed for substantial compliance.  *State v. Nero,* 56 Ohio St.3d 106, 564 N.E.2d 474, syllabus; *State v. Gurley*, 8th Dist. Cuyahoga No. 70586, 1997 Ohio App. LEXIS 2414 (June 5, 1997).  A trial court substantially complies with this requirement when the court informs a defendant that a mandatory prison sentence will be imposed and the defendant subjectively understands that his sentence must include prison time.  *State v. Brown,* 11th Dist. Geauga No. 2003-G-2504, 2004-Ohio-1843, ¶ 13.  The reasoning is that a defendant who understands that actual incarceration is mandatory necessarily understands that he is ineligible for probation or community control sanctions and, therefore, cannot demonstrate prejudice as a result of the court's failure to comply literally with the rule.  *Id.*

{¶16} In this matter, we find that the totality of the circumstances indicate that the defendant knew that he was ineligible for community control. Furthermore, the defendant has not explained how the trial court's failure to inform him of his ineligibility for community control prejudiced him.  *See State v. Smith*, 8th Dist. Cuyahoga No. 83395, 2004-Ohio-1796, ¶ 8-12.

{¶17} Because the record clearly indicates that the defendant understood the nature of the charges and their required terms of imprisonment, and because the totality of the

circumstances demonstrate that defendant knew that the aggravated vehicular homicide offenses did not provide for probation, the third assignment of error is without merit.

## Nature of the Charges

{¶18} In the fourth assignment of error, defendant complains that the trial court erred by failing to inform him that he was ineligible for probation. With regard to notification of nonconstitutional rights, the trial court must substantially comply with its notification duties. *Veney* at ¶ 14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). In addition, a defendant must show prejudice when nonconstitutional aspects of the colloquy are at issue. *Veney*. The test for prejudice is whether the plea would have otherwise been made. *Id.*; *see also State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

{¶19} A defendant may acquire an understanding of the nature of the charges against him, whether from the trial court itself, the prosecutor, or some other source, such that the trial court can determine that appellant understands the charges to which he was pleading guilty. *State v. Blair*, 128 Ohio App.3d 435, 438, 715 N.E.2d 233 (2d Dist.1998). The trial court need not advise the defendant of the elements of the crimes; rather, it is sufficient if the totality of the circumstances warrant the trial court in making a determination that the defendant understands the charges. *State v. Rainey*, 3 Ohio App.3d 441, 442, 446 N.E.2d 188 (10th Dist.1992) (although preferred, it is not always

necessary that the trial court advise the defendant of the elements of the crime or specifically ask if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making the determination that the defendant understands the charge).  Further, in *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979), the Ohio Supreme Court stated:

> If the defendant receives the proper information, then we can ordinarily assume that he understands that information. [In deciding whether defendant had the required information,] we look at all the particular facts and circumstances surrounding the case.

{¶20} Here, at the start of the plea proceedings, the prosecuting attorney explained that the charges of aggravated vehicular homicide are "punishable by a prison term of 2 to 8 years," that the charge of aggravated vehicular assault is "punishable by a term of incarceration in monthly increments of 9 to 36 months," and that defendant faced from 2 to 19 years in prison.   Immediately thereafter, the trial court explained the nature of each of the offenses, the degree of the offense, and the potential penalties.   The court stated:

> THE COURT:  Counts 1 and 2 are both felonies of the second degree. They are punishable by 2 up to 8 years in prison and a fine not to exceed $15,000.   There's also 6 points for your driver's license on both of those.
>
> Count number 5, aggravated vehicular assault, felony of the third degree. That is punishable by 9, 12, 18, 24, 30 or 36 months in prison and a potential fine up to $10,000.   There's also a 6 point for your driver's license on that count.
>
> Count number 7, driving under the influence, a misdemeanor of the first degree.   It's punishable by up to 6 months of local incarceration.   There's a class 1 driver's license suspension, which is basically for life.   There's a $1,300 minimum mandatory fine and 6 points will be assessed on your driver's license.

Do you understand that?

THE DEFENDANT: Yes.

**{¶21}** The court also outlined the terms of postrelease control.

**{¶22}** From the foregoing, we conclude that the trial court fulfilled its duty to explain the nature of the offenses to defendant and the record indicates that he understood the nature of the offenses.

**{¶23}** The fourth assignment of error is therefore without merit.

Consecutive Sentences

**{¶24}** In his fifth assignment of error, defendant challenges the imposition of consecutive sentences.

**{¶25}** R.C. 2953.08(G)(2) states that when reviewing felony sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion[;]" rather, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for re-sentencing." *See also State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 6.

**{¶26}** Pursuant to R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive

sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c):

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶27}** Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 17 (8th Dist.), citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. "By stating the findings on the record, the reviewing court will not have to guess as to the trial court's thought process or impose its own. This helps the reviewing court to understand whether the trial court made the appropriate analysis." *State v. Davis*, 8th Dist. Cuyahoga Nos. 97689, 97691, and 97692, 2012-Ohio-3951, ¶ 16 (Blackmon, J., concurring). The failure to make these findings is contrary to law. *Venes* at ¶ 12.

**{¶28}** In this case, the court stated:

I have reviewed the presentence report and I have read the letters. And I was looking, quite honestly, at your history here, and in '98 you had a DUI, then in 2006 you had a DUI. However, there's another case in Lakewood that was not DUI as such, but you were involved in outpatient treatment. So that was as recent as three years ago. So the pattern was there. This is just very, very telling about, I guess how some people get when they've been drinking. What I'm going to do is as follows:

* * *

Now, oftentimes cases have great harm coming out of them. This is one of those cases because, you know, we have two people who are dead, one person who is severely injured. There's another person who was injured and released who was not mentioned in the pleadings, and there were all the people that had to experience this when this happened. I find that this harm is so great, or if you want to call it unusual, that no single prison term would adequately reflect the seriousness of your conduct. Therefore, Counts 1, 3, and 5 will be run consecutive to each other. That's 15 years. Count number 7 will be concurrent with the other ones.

{¶29} The record, therefore, establishes that the court found that defendant's conduct involved great harm, because two people died; one person was the subject of the aggravated vehicular assault; and a fourth person, who is not mentioned in the pleadings, was also hurt. The court also stated in open court that the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct, and that defendant's history of criminal conduct demonstrates the need for consecutive sentences.

{¶30} In this case, the trial court's record is sufficient to establish the requirements of law, and we cannot say that the record fails to support those findings or that the sentence is otherwise contrary to law.

{¶31} The fifth assignment of error is without merit.

Allied Offenses

{¶32} In the sixth assignment of error, the defendant asserts that he was convicted of allied offenses.

{¶33} Where a defendant commits the same offense against different victims during the same course of conduct and the offense is defined in terms of conduct toward another, then there is a dissimilar import for each person subjected to the harm or risk of harm. *State v. Phillips*, 8th Dist. Cuyahoga No. 98487, 2013-Ohio-1443, ¶ 8-10; *State v. Dix*, 8th Dist. Cuyahoga No. 94791, 2011-Ohio-472, ¶ 22; *State v. Jordan*, 8th Dist. Cuyahoga No. 91869, 2009-Ohio-3078.

{¶34} In this matter, as explained by the prosecuting attorney, the offenses are "not allied offenses as each count represents a single victim that occurred in this crime." The sixth assignment of error is therefore without merit.

Proportionality

{¶35} In the seventh assignment of error, the defendant asserts that his sentence is disproportionate to that received by other offenders.

{¶36} R.C. 2929.11(B) states that a felony sentence must be "consistent with sentences imposed for similar crimes committed by similar offenders." The goal of felony sentencing is to achieve consistency not uniformity, and there is no requirement

that codefendants receive identical sentences. *See State v. Drobny*, 8th Dist. Cuyahoga No. 98404, 2013-Ohio-937, ¶ 7.

**{¶37}** This court has previously found that in order to support a contention that a sentence is disproportionate to sentences imposed upon other offenders, the defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. *State v. Lang*, 8th Dist. Cuyahoga No. 92099, 2010-Ohio-433, *discretionary appeal not allowed*, 126 Ohio St.3d 1547, 2010-Ohio-3855, 932 N.E.2d 340; *State v. Cooper*, 8th Dist. Cuyahoga No. 93308, 2010-Ohio-1983; *State v. Edwards*, 8th Dist. Cuyahoga No. 89181, 2007-Ohio-6068. This issue was not raised below.

**{¶38}** Moreover, consistency in sentencing does not result from a case-by-case comparison, but by the trial court's proper application of the statutory sentencing guidelines. *Phillips* at ¶ 15, quoting *State v. Dahms*, 6th Dist. Sandusky No. S-11-028, 2012-Ohio-3181, ¶ 22. *See also State v. Hall*, 179 Ohio App.3d 727, 2008-Ohio-6228, 903 N.E.2d 676, ¶ 10 (10th Dist.).

**{¶39}** In this case, the trial court properly applied the statutory sentencing guidelines, so its outcome resulted in a predictable and rational sentence, thus promoting consistency.

**{¶40}** Defendant cites to *State v. Moore*, 8th Dist. Cuyahoga No. 85451, 2005-Ohio-4699, in support of his claim that a 15-year sentence was not proportionate to similarly situated offenders. We find *Moore* to be inapposite to this matter, because the

defendant received a 20-year prison sentence for causing the death of two people, she had no prior felony record, and had only misdemeanor traffic offenses. This court reversed the defendant's (pre-*Foster*) sentence because the trial court failed to make the necessary findings before imposing consecutive sentences. *Id*. at ¶ 13. This court further determined that the defendant's sentence was contrary to law because it was inconsistent with similarly situated offenders, based upon several cases cited by the defendant where similarly situated defendants received a shorter sentence. *Id*. at ¶ 15. Upon remand, however, we affirmed the trial court's imposition of a 16-year sentence. *See State v. Moore*, 8th Dist. Cuyahoga No. 89779, 2008-Ohio-2365.

**{¶41}** In addition, the defendant in *Moore* was a first offender, and in this matter, defendant had two prior convictions for driving under the influence (a 1998 conviction from Willoughby and a 2006 conviction from Wickliffe). The claim of disproportionality is therefore without merit.

**{¶42}** The seventh assignment of error is without merit.

**{¶43}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
LARRY A. JONES, SR., J., CONCUR