[Cite as *State v. McIntosh*, 2018-Ohio-51.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos. 17CA3792 |
| | | 17CA3801 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| CHRISTOPHER J. MCINTOSH, | : | |
| | | **RELEASED: 01/03/2018** |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Darren L. Meade, Parks and Meade, L.L.C., Columbus, Ohio, for appellant.

Mark E. Kuhn. Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

Harsha, J.

**{¶1}** After Christopher McIntosh entered a guilty plea to various criminal charges, the trial court sentenced him to prison. McIntosh claims that his guilty plea is invalid for two separate reasons.

**{¶2}** Initially, he claims that his plea is invalid because the trial court failed to substantially comply with Crim.R. 11 by not explicitly advising him that the mandatory four-year term of his prison sentence rendered him ineligible for community control. However, he concedes the trial court partially complied with Crim.R. 11(C)(2)(a) by advising him during his change-of-plea hearing that he would receive a four-year mandatory prison term for his second-degree felony conviction for aggravated possession of drugs. Furthermore, at the end of the sentencing hearing McIntosh confirmed with the court that the initial four years of his sentence would be mandatory prison time. And McIntosh cites no evidence that if the trial court had taken greater care in advising him about his mandatory prison term and consequent ineligibility for

community control, he would not have entered his guilty plea to the charges.  We reject his first claim.

{¶3}   Next McIntosh asserts that his plea is invalid because it was not voluntary, i.e. the trial court and the state improperly induced him to make the plea in order to allow his girlfriend to avoid a harsher sentence.  Although this form of plea bargaining presents the accused with unpleasant alternatives, it is not unconstitutionally coercive as long as the state acts in good faith.  Therefore, courts have consistently upheld pleas against claims of involuntariness due to coercion where the state offered lenient treatment to a person other than the defendant.  McIntosh did not establish that his plea was involuntary.

{¶4}   Therefore, we overrule McIntosh's assignments of error and affirm his convictions and sentence.

## I. FACTS

{¶5}   In Scioto C.P. Case No. 16CR411, the Scioto County Grand Jury returned an indictment charging Christopher McIntosh with two counts of aggravated trafficking in drugs, one count of trafficking in drugs, two counts of aggravated possession of drugs, one count of possession of drugs, one count of having weapons while under disability, and one count of receiving stolen property, with firearm and forfeiture specifications for the drug charges and a forfeiture specification for the having weapons while under disability charge.

{¶6}   In Scioto C.P. Case No. 16CR617(A) and (B), the Scioto County Grand Jury returned an indictment charging McIntosh and his girlfriend, Tammy Criteser, with

two counts of aggravated trafficking in drugs, with accompanying forfeiture specifications, and one count of possession of drugs.

{¶7}    After initially pleading not guilty, McIntosh executed written waivers of his rights to a jury trial and pleaded guilty to one count of aggravated possession of drugs, a second-degree felony, with a forfeiture specification, one count of having weapons while under disability, and one count of receiving stolen property in Case No. 16CA411; he also pled guilty to one count of aggravated possession of drugs with a forfeiture specification in Case No. 16CA617(A).  In a written form entitled "MAXIMUM PENALTY," McIntosh and his trial counsel certified that he understood that the maximum penalty for his second-degree felony of aggravated possession of drugs in Case No. 16CA411 included a maximum prison term of eight years, and that this prison term was both "mandatory" and "presumed necessary."  The form also stated that "[i]f this court is not required by law to impose a prison sanction, it may impose a community control sanction or non-prison sanction upon you."  The form advised that "[c]ourt costs, restitution and other financial sanctions including probation fees may be imposed," with the term "probation fees" typed into a blank on the waiver form.

{¶8}    The trial court then held a hearing on McIntosh's request to change his plea in Case Nos. 16CA411 and 16CR617(A).  At the outset of the hearing the state noted that McIntosh was facing a potential prison term of 26 ½ years on the indictments, but that it had made a plea offer for him to receive a prison term of eight years, with four of those years being mandatory, that he would thereafter be eligible for early release, and if he pleaded guilty, the state would recommend community control for his girlfriend, Criteser, in Case No. 16CR617(B).

{¶9}   McIntosh's trial counsel informed the trial court that he had conveyed the state's offer and that McIntosh said he would be willing to accept it if he were allowed out on bail for 20 days.  However, the court indicated it was not willing to release him on bail.  At that point the following exchange occurred:

> MR. MEARAN:  So sir, is it your desire then not to accept the offer made knowing that you're not going to get out and knowing that you're facing 26 -- possibility of 26 years?
>
> DEFENDANT MCINSTOSH:  It's not my desire to -- I accept the offer but I would like to speak to my family members and let them know the offer presented to me this day.
>
> MR. MEARAN:  Sir, I gave you that offer two days ago, tried to even call your family two days ago, so I don't think that there's any more time left. We either accept it now or we go to trial.
>
> DEFENDANT MCINSTOSH:  May I -- may I request 24 hours, please.
>
> MR. KUHN:  We've already got people scheduled in on this, Your Honor. I've got prep to do.  To be honest, it'd be less work on me just to go ahead and try the case.  If he wants to accept it today, I made the offer and I'll leave it open to both of them, but otherwise, I've waited long enough.  We should have done this last week.
>
> * * *
>
> DEFENDANT MCINTOSH:  * * * I did not get in touch with my love[d] ones at this time.  I will definitely do so tonight.  I can contact Mr. Mearan first thing in the morning.  Mr. Kuhn, Judge Marshall, please, I ask you to give me that one day, 24 hours.
>
> MR. KUHN:  We're ready to go ahead and withdraw the offer, Your Honor. I've waited long enough.
>
> * * *
>
> THE COURT:  So * * * you take it now or you've lost it forever, and if you don't take the offer and she's found guilty, her offer is off the table too and she doesn't get Star.  Ms. Criteser, do you understand the offer?
>
> DEFENDANT CRITESER:  Yes, I do.

THE COURT:  Okay.  You understand it's being withdrawn based on Mr. McIntosh's decision?

DEFENDANT CRITESER:  I understand, but I -- I don't like it.

THE COURT:  I -- I wouldn't like it either, but I'd man-up.

DEFENDANT MCINTOSH:  I don't have a choice.

MR. MEARAN:  You want to take the offer?

DEFENDANT MCINSTOSH:  I have no choice.

MR. MEARAN:  You don't.  Do we have the waivers?

THE COURT:  You're accepting the offer, sir?

DEFENDANT:  I have no choice, Your Honor.  I --

THE COURT:  You either say I'm accepting it or I'm not accepting it.

DEFENDANT:  I have -- yes, I have to accept it.

**{¶10}**  The trial court then proceeded to summarize the parties' plea agreement and ultimately received an affirmative response from McIntosh that the court's summary was his understanding of the plea agreement:

THE COURT:  * * * The record will reflect we're here on 16CR411 and 16CR617(A), both captioned State of Ohio versus Christopher McIntosh.

It's the Court's understanding on case number * * * 16CR411 he's changing his plea on Count 4 to guilty for the charge of Aggravated Possession of Drugs, on Count 7 is -- the same case number, pleading guilty to Count 7 Weapon Under Disability, and Count 8 Receiving Stolen Property. On case number 16CR617 he's changing his plea to guilty on the case of Aggravated Possession of Drugs.

Now the record should further reflect it's a negotiated plea, pursuant to section 2953.08(D) and Criminal Rule 11(F), *on case number 16CR411 on Count 4 Aggravated Possession of Drugs, he'll receive a four year mandatory prison term*, with a forfeiture of $6,578.00.  On Count 7 Weapon Under Disability, he'll receive a 36 month prison term, with the contraband to be destroyed, Count 8 Receiving Stolen Property, a 12 month prison term.  Okay.  *Count 4 will be a -- as I said, four year*

*mandatory, and Count 7, 36 month non-mandatory, all running consecutively with each other, for an eight year prison term, aggregate.* On case number 16CR617, Possession -- Aggravated Possession, he'll receive a 36 month non-mandatory prison term, which will run concurrently with the other three cases.

*Is that your understanding, Mr. Mearan?*

*** (discussion about forfeiture of property)

MR. MEARAN:  Yes.

MR. KUHN:  Okay.

* * *

THE COURT:  *Okay.  Mr. McIntosh, is this your understanding, sir?*

DEFENDANT:  *Yes, sir.*

(Emphasis added.)

{¶11}   The trial court then engaged in an extended colloquy with McIntosh asking if he understood the constitutional rights he was waiving by pleading guilty.  The trial court then again attempted to explain the maximum prison terms he faced:

THE COURT:  Sir, the felonies of the third degree carry maximum prison terms of thirty-six months, maximum fines of $10,000.00.  The felony of the second degree carries maximum prison term of eight years, maximum term -- prison term -- maximum fine of $15,000.00.  The felony of the fourth degree, maximum prison term of 18 months, maximum fine of $5,000.00, and you will be a[ss]essed the court cost.  You understand that?

DEFENDANT:  Yes, Your Honor.

{¶12}  Shortly thereafter the trial court accepted a plea of guilty to the charges.  When asked by the court if he would like to say anything, McIntosh stated that he

wished "this never happened" and that he "accept[ed] responsibility" for his actions.

The trial court then proceeded to sentencing and imposed the agreed aggregate prison

sentence of eight years, with four years being mandatory. The following exchange

occurred at the conclusion of the sentencing hearing:

DEFENDANT: Your honor, may I ask --

THE COURT: Sure.

DEFENDANT: You said four years mandatory.

THE COURT: Right.

DEFENDANT: After the four years --

THE COURT: It's non-mandatory.

DEFENDANT: -- it's non-mandatory.

THE COURT: That means you're eligible for judicial release, I believe at four and one half years. Is that right, Mr. Kuhn?

MR. KUHN: I believe so, Your Honor.

THE COURT: Yeah. You're eligible. I'm not saying I'm going to grant it, but you're eligible at -- for judicial release after serving four and one half years. Okay?

DEFENDANT: Yes, sir.

THE COURT: All right.

{¶13} The trial court sentenced McIntosh to an aggregate prison term of eight

years, with four years being mandatory, and dismissed the remaining charges.

McIntosh appealed in both criminal cases, and we consolidated those cases for

purposes of briefing and decision.

## II. ASSIGNMENTS OF ERROR

{¶14} McIntosh assigns the following errors for our review:

I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT
AND ABUSED ITS DISCRETION WHEN IT FAILED TO PROPERLY
ADVISE APPELLANT OF THE MANDATORY PRISON TIME REQUIRED
FOR THE F2 DRUG POSSESSION COUNT AND THAT HE WAS
INELIGIBLE FOR COMMUNITY CONTROL, WHERE THE PLEA FORMS
STATED PRISON WAS BOTH MANDATORY AND PRESUMED
NECESSARY AND INDICATED COMMUNITY CONTROL WAS
POSSIBLE FOR APPELLANT, AND THE COURT FURTHER FAILED TO
EXPLICITLY STATE THE MANDATORY NATURE OF THE SENTENCE
WHEN ORALLY ADVISING OF THE MAXIMUM POTENTIAL
SENTENCE.

II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT
BECAUSE APPELLANT'S PLEA WAS NOT MADE VOLUNTARILY
WHEN BOTH THE PROSECUTION AND THE COURT IMPROPERLY
INDUCED APPELLANT TO TAKE A PLEA DEAL TO ALLOW A THIRD
PARTY TO AVOID A HARSHER SENTENCE.

## III. STANDARD OF REVIEW

**{¶15}** " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). When we determine whether a guilty plea was entered knowingly, intelligently, and voluntarily, we conduct a de novo review of the record to ensure that the trial court complied with the requisite constitutional and procedural safeguards. *See State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 36, quoting *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, ¶ 13.

## IV. LAW AND ANALYSIS

### A. Maximum Sentence and Ineligibility for Community Control

**{¶16}**   In his first assignment of error McIntosh claims he did not knowingly, intelligently, and voluntarily enter the guilty plea because the trial court failed to properly advise him about his mandatory prison sentence, i.e. the fact that the mandatory four-year prison term for the second-degree felony offense of aggravated possession of drugs in Case No. 16CR411 rendered him ineligible for community control.

**{¶17}**   "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest."  *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 8. Before accepting a guilty plea in a felony case a trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."  Crim.R. 11(C)(2)(a).  The court must also inform the defendant of other matters under Crim.R. 11(C)(2)(b) and (c).

**{¶18}**   This case involves the trial court's notification of nonconstitutional rights under Crim.R. 11(C)(2)(a) for which substantial compliance is sufficient.  A court has substantially complied with this rule when, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving.  *Veney* at ¶ 15, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶19}**   A defendant who challenges his guilty plea on the basis that it was involuntary must generally prove prejudice, which in this context means he must show that he would not have entered the plea had he been properly informed.  *See Veney* at

¶ 15. There is an exception to the prejudice requirement when the trial court completely fails to comply with the rule; a complete failure to comply with the rule does not implicate an analysis of prejudice. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32

{¶20} It is true that during the trial court's colloquy, it failed to explicitly inform McIntosh that he would be ineligible for community control because of the mandatory nature of his prison time for the second-degree felony count of aggravated possession of drugs. Nevertheless, as McIntosh acknowledges on appeal, the trial court did not *completely fail* to comply with Crim.R. 11(C)(2)(a). In summarizing the parties' plea agreement, the trial court twice emphasized that for the second-degree felony count of aggravated possession of drugs in Case No. 16CR411, McIntosh would receive a four-year mandatory prison term. And although there was an intervening conversation concerning forfeiture of property, McIntosh eventually affirmatively stated that the trial court's summary of the parties' agreement accurately reflected his understanding of it. Moreover, dialogue between the court and McIntosh followed the state's similar summarization of the agreement as including a sentence of eight years in prison, with four of those years being mandatory. Finally, the waiver form McIntosh executed for the aggravated possession charge explicitly stated that his prison term was mandatory.

{¶21} Because of the court's partial compliance, McIntosh must establish prejudice in order to vacate his guilty plea, i.e., that he would not have pleaded guilty had he known that his sentence included four years of mandatory prison time, which rendered him ineligible for community control.

**{¶22}**  Although he does not expressly assert that he would not have pleaded guilty if he had been better informed, McIntosh cites *State v. Hendrix*, 12th Dist. Butler No. CA2012-12-265, 2013-Ohio-4978.    In *Hendrix*, the court invalidated a guilty plea for a crime that carried a mandatory prison sentence for which the defendant was not eligible for judicial release or earned credit.  During the colloquy at the plea hearing, the trial court "incorrectly advised [the defendant] that he could serve a shorter sentence than the one ultimately imposed by the trial court, due to earned credit, and judicial release, even though he was ineligible for either."  *Id.* at ¶ 32.  The trial court's colloquy here, although far from perfect, did not include any misrepresentation that McIntosh would serve a shorter sentence than the one imposed by the trial court due to inapplicable earned credit or judicial release; instead, the trial court twice mentioned that under the parties' plea agreement, McIntosh would serve a mandatory four-year prison term on the pertinent aggravated possession charge.

**{¶23}**  He also cites *State v. Silvers*, 181 Ohio App.3d 26 (2d Dist.), 2009-Ohio-687, in support of his claim that his guilty plea was invalid.  In *Silvers*, the court invalidated the defendant's guilty plea because the trial court failed to inform him at the plea hearing that the written form he signed was incorrect insofar as it explicitly stated that none of his prison sentence was mandatory and that he would be eligible for community control upon the granting of judicial release.  Conversely, the form here expressly notified McIntosh that his prison term for the second-degree felony of aggravated possession of drugs was mandatory; there was no representation in the written form that the defendant was eligible for community control.  We thus find both *Hendrix* and *Silvers* to be distinguishable.

{¶24} Although the written form that McIntosh signed included statements referring to community control "if the court is not required to impose a prison sentence," and his responsibility to pay any probation fees, this conditional language should not be deemed inordinately confusing in the absence of any expression of doubt by the defendant. Here there is no evidence or argument that he actually relied on this wording when he entered his guilty plea. *See, e.g., State v. Walters*, 4th Dist. Adams No. 15CA1009, 2016-Ohio-5783, ¶ 16 ("If Walters did not rely upon the guilty plea entry form, then he cannot claim that the language in that entry caused his plea to be less than knowing, intelligent, and voluntary. * * * in addition to the contested language, the guilty plea entry form also * * * indicates that a prison term is mandatory"). McIntosh responded that he understood after the trial court summarized the parties' plea agreement, including the mandatory four-year prison term for the aggravated possession charge.

{¶25} Granted the trial court never advised McIntosh at the plea hearing that he would be ineligible for community control because of his mandatory prison term. However, a trial court substantially complies with the Crim.R. 11(C)(2)(a) requirement that the defendant understand "that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing" "when the court informs a defendant that a mandatory prison sentence will be imposed and the defendant subjectively understands that his sentence must include prison time." *See State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 15, citing *State v. Brown*, 11th Dist. Geauga No. 2003-G-2504, 2004-Ohio-1843, ¶ 13. "The reasoning is that a defendant who understands that actual incarceration is mandatory necessarily

understands that he is ineligible for probation or community control sanctions and, therefore, cannot demonstrate prejudice as a result of the court's failure to comply literally with the rule." *Id.*

**{¶26}** McIntosh cites his comments about the four-year mandatory portion of his prison sentence at the conclusion of the sentencing hearing as additional evidence that his plea was not valid. But it appears that McIntosh was seeking confirmation of the mandatory period and the timing of his eligibility for judicial release. And after receiving that confirmation, he did not express any indication that he wished to withdraw his plea.

**{¶27}** After considering the totality of the circumstances, McIntosh has not established the requisite prejudice to invalidate his guilty plea. McIntosh cites no evidence to establish that if the trial court had taken greater care in advising him during his plea hearing about his mandatory-prison term and consequent ineligibility for community control, he would not have entered his guilty plea to the charges. Rather, the record reflects that he subjectively understood the nature of his sentence and the fact that he would be required to serve a mandatory prison term before any form of relief from incarceration was available. We overrule his first assignment of error.

## B. Leniency to Third Party

**{¶28}** In his second assignment of error McIntosh asserts that his plea is invalid because he did not make it voluntarily—the trial court and the state improperly induced him to make the plea to allow his girlfriend to avoid a harsher sentence.

**{¶29}** A plea is not per se invalid if entered under a plea agreement that includes leniency for a third party or in response to a prosecutor's justifiable threat to prosecute a third party if the plea is not entered. *See generally U.S. v. Marquez*, 909 F.2d 738, 741-

742 (2d Cir.1990). "The inclusion of a third-party benefit in a plea bargain is simply one factor for a [trial] court to weigh in making the overall determination whether the plea is voluntarily entered." *Id.* at 742; *see also U.S. v. Usher*, 703 F.2d 956, 958 (6th Cir.1983) ("A number of federal courts * * * have upheld pleas against assertions of involuntariness due to coercion where the prosecution offered lenient treatment to a person other than the defendant"). "Plea bargaining involving a third person may still present an accused with unpleasant alternatives, but the resulting guilty plea is not constitutionally involuntary if the state acts in good faith." *State v. Gibbs*, 4th Dist. Washington No. 96CA44, 1997 WL 341908, *4 (June 16, 1997).

**{¶30}** There is nothing in the record here evidencing any bad faith on the part of the state. And although McIntosh repeatedly said that he had "no choice," he also said that he accepted the offer. His reluctance was not to the substance of the offer, but he simply wanted more time to contact his family and loved ones before he had to go to prison.

**{¶31}** To be sure, the trial court's interjection that he would "man up" if he were McIntosh is unseemly, but there is nothing to indicate that it impacted McIntosh's decision to accept the plea offer, where he otherwise faced a maximum of 26 ½ years in prison on the charges. "Although strongly discouraged by the Ohio Supreme Court, a trial judge's participation in plea negotiations does not render a defendant's plea invalid per se under the Ohio and United States Constitutions." *State v. Davis*, 4th Dist. Scioto Nos. 13CA3589 and 13CA3593, 2014-Ohio-5371, ¶ 33, quoting *State v. Jabbaar*, 2013-Ohio-1655, 991 N.E.2d 290 (8th Dist.), ¶ 26, citing *State v. Byrd*, 63 Ohio St.2d 288, 293-294, 407 N.E.2d 1384 (1980). Instead, "a trial judge's participation in the plea

bargaining process must be carefully scrutinized to determine if the judge's intervention affected the voluntariness of the defendant's guilty plea." *Byrd* at 293. Generally, a plea is involuntary and unconstitutional "if the judge's active conduct could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial." *Id.* at 293-294.

**{¶32}** Although the trial court's statement was ill-advised, it did not lead McIntosh to reasonably believe that he could not receive a fair trial because of futility or bias. *See Davis* at ¶ 34.

**{¶33}** McIntosh affirmatively stated that he was satisfied with the efforts of his attorney and that nobody had made any additional promises, threats, or inducements to get him to change his plea to guilty. The trial court and the state informed him of his eight-year aggregate prison sentence, including his four years of mandatory prison time. The plea agreement, which saved him from facing trial on many other criminal charges and a maximum potential prison time more than three times the aggregate period imposed under the agreement, "indicates that the plea was the product of a shrewd, intelligent and calculated bargain" rather than an involuntary action by McIntosh coerced by the trial court and the state. *See Usher*, 703 F.2d at 958.

**{¶34}** Therefore, McIntosh has not established that his guilty plea was invalid because of the plea agreement provision that his girlfriend, Criteser, receive community control instead of a prison term. We overrule his second assignment of error.

V. CONCLUSION

**{¶35}**   McIntosh has not established that his guilty plea was not made knowingly, intelligently, and voluntarily.  Having overruled his assignments of error, we affirm his convictions and sentence.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

BY: _____
William H. Harsha, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**