[Cite as *State v. Harding*, 2018-Ohio-942.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 16CA21 |
| v. | : | |
| | | <u>DECISION AND</u> |
| RAZOAR B.D. HARDING, | : | <u>JUDGMENT ENTRY</u> |
| Defendant-Appellant. | : | RELEASED 03/08/2018 |

**APPEARANCES:**

Steven H. Eckstein, Washington Court House, Ohio, for defendant-appellant.

Jason Holdren, Gallia County Prosecuting Attorney, and Jeremy Fisher, Gallia County Assistant Prosecuting Attorney, Gallipolis, Ohio, for plaintiff-appellee.

Hoover, P.J.

{¶1}     This is an appeal from a judgment of conviction and sentence entered by the Gallia County Court of Common Pleas following a guilty plea by Razoar B.D. Harding ("Harding"), appellant herein, to one count of trafficking in drugs. On appeal, Harding first contends that his guilty plea was not knowingly, voluntarily, and intelligently made because the trial court failed to substantially comply with Crim.R. 11 by not explaining the maximum potential sentence. Specifically, Harding argues that the trial court failed to adequately inform him prior to his guilty plea that the entirety of any imposed prison sentence was mandatory time, and that he would not be eligible for community control, judicial release, or earned credit. We disagree. Rather, we conclude that the trial court partially complied with Crim.R. 11(C)(2)(a) by advising Harding during the plea hearing that he would receive a mandatory prison term for his second-degree felony conviction for trafficking in drugs. Furthermore, Harding indicated at the

plea hearing that he understood the trial court's disclosures concerning the maximum penalties involved. And, Harding has failed to demonstrate that had the trial court taken greater care in advising him about his mandatory prison term and consequent ineligibility for community control, judicial release, and earned credit, he would not have entered his guilty plea to the charge. Accordingly, we reject his first claim.

{¶2}    Next, Harding contends that his sentence should be converted to non-mandatory prison time or his plea should be vacated because he received ineffective assistance of counsel. However, Harding is unable to demonstrate that his counsel's alleged deficiencies resulted in prejudice. Accordingly, we reject his second claim.

{¶3}    For the reasons discussed more fully below, we overrule Harding's assignments of error and affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶4}    The Gallia County Grand Jury returned an indictment charging Harding with one count of possession of drugs, in violation of R.C. 2925.11(A), and one count of trafficking in drugs, in violation of R.C. 2925.03(A)(2), both felonies of the first degree. At his arraignment Harding appeared with counsel and pleaded not guilty to the charges.

{¶5}    Ultimately, the parties entered into a plea agreement requiring Harding to plead guilty to an amended count two, trafficking in drugs, in violation of R.C. 2925.03(A)(2), a felony of the second degree. Pursuant to the plea deal, count one, possession of drugs, was dismissed, and the parties agreed to recommend four years imprisonment. Harding executed a written waiver of his right to a jury trial. In a written form entitled "Guilty Plea", Harding and his trial counsel certified that he understood that the maximum penalty for his second-degree felony of trafficking in drugs included a maximum prison term of eight years. However, the form failed to

indicate whether a prison sentence was mandatory or even presumed necessary. The form also stated that "[i]f this court is not required by law to impose a prison sanction, it may impose [a] community control sanction or non-prison sanction upon [you]."

{¶6}    At the change of plea hearing, the State proceeded to summarize the parties' plea agreement; and the trial court received an affirmative response from Harding and his counsel that the State's summary was their understanding of the plea agreement:

COURT: And it's my understanding this matter has been resolved and Mr.

Harding wishes to change a plea and then proceed to disposition of this matter this

morning, is that correct?

MR. WISEMAN [Prosecutor]: Yes, Your Honor.

MR. SAUNDERS [Defense Counsel]: That's correct, Your Honor.

COURT: Okay, thank you. Would someone like to recite for purposes of the

record what the underlying plea agreement is?

MR. WISEMAN: Yes, Your Honor. In consideration of the defendant's plea of

guilty to Count 2 of the indictment and amended from an F1 trafficking in drugs

to a F2 trafficking in drugs the defendant shall be sentenced to four years of

incarceration. Upon the defendant's plea to Count 2 of the indictment the State

hereby dismisses Count 1. The defendant shall pay a mandatory fine of $7,500.00.

Further the defendant's operators [license] shall be suspended for six months and

the defendant agrees to be assessed the cost of this action.

COURT: Okay, thank you. Mr. Saunders, is that your understanding of the underlying plea agreement?

MR. SAUNDERS: It is, Your Honor.

COURT: Okay, thank you. Mr. Harding, were you able to hear and understand what Mr. Wiseman indicated the underlying plea agreement is in this case and Mr. Saunders has confirmed?

MR. HARDING: Yes sir.

COURT: Is that your agreement?

MR. HARDING: Yes sir.

COURT: Do you have any questions about it?

MR. HARDING: No sir.

{¶7}   Then, the trial court engaged in a colloquy with Harding under Crim.R. 11. In this exchange, the trial court attempted to explain the maximum prison term Harding faced:

COURT: And it's my understanding that you're going to plead guilty to an amended charge uh, amended Count 2, amended from a felony of the first degree trafficking in drugs to a felony of the second degree trafficking in drugs. This would be in violation of Section 2925.03(A)(2) of the Ohio Revised Code. This uh, would be a felony of the second degree and what that means is that there is a mandatory term of incarceration ranging from a term of two, three, four, five, six, seven, or eight years in a state penal facility. Also a maximum fine of $15,000.00

with one half thereof being mandatory and also a license suspension ranging from a uh, minimum of six months up to a maximum of five years and a period of post-release control of three years that's required, however that is reducible by the parole board. Now I mentioned post-release control so let me describe to you what that is. * * * Now I know I said a lot there, but my question to you is this, were you able to hear and understand all of that?

MR. HARDING: Yes sir.

COURT: Do you have any questions about it?

MR. HARDING: No sir.

{¶8}   Later, during the change in plea hearing, the trial court detailed the elements of the charge of trafficking in drugs and asked Harding if he understood the nature of the charge. Harding responded, "Yes sir." Then the trial court asked Harding if he understood the elements of the charge that the State would need to prove beyond a reasonable doubt if the case were to proceed to trial. Again, Harding responded, "Yes sir." Finally, the trial court asked Harding if he understood "the penalty provisions that are associated with this charge[.]". Harding responded, "Yes sir."

{¶9}   Later on during the plea colloquy the trial court asked Harding if he understood the legal terms used in the discussion, and again asked if he understood by pleading guilty the trial court could impose "those statutory penalties that we've been talking about[.]" Harding responded, "Yes sir." The trial court also advised Harding of the constitutional rights he was waiving by pleading guilty.

{¶10}  The trial court eventually accepted Harding's guilty plea to the amended charge and entered a finding of guilt. The trial court then proceeded to sentencing and imposed the agreed prison sentence of four years, stating as follows:

The Court finds that this is a felony of the second degree and that there is a mandatory term of incarceration from the range that we previously mentioned, two to eight years I believe. The Court is going to go along with the underlying plea agreement and uh, * * * it's going to be the order and judgment of the Court uh, that you be sentenced to a term of incarceration in a state penal facility for an agreed upon period of four years, which as I indicated earlier is mandatory. Also assessed the cost of these proceedings for which judgment is rendered and execution may issue. Also assess the fine of seventy thou … or $7,500.00, which is likewise mandatory in this case. * * *

{¶11}  During the sentencing hearing, the following exchange took place:

MR. SAUNDERS: * * * Um, the defendant would also ask me to um, if the Court would consider um, making the mandatory sentence in this case the two years out of the four. Um, there's just the reason being he would ask the Court to, to do that. Um, that would allow him to be eligible for judicial release after those two years and he would be eligible to work any good time that might be available at the, at the facility. * * *

COURT: Well earlier you requested that I follow the plea agreement and that's what I did. Uh, Mr. Wiseman asked me to follow the plea agreement and that's

what the Court did so that's, that's what the sentence is. It's four years according

to your agreement. * * *

{¶12}  Harding has now appealed his conviction.

## II. Assignments of Error

{¶13}  Harding assigns the following errors for our review:

Assignment of Error I:

> THE TRIAL COURT ERRED BY FAILING TO INFORM HARDING OF THE MAXIMUM PENALTY INVOLVED BEFORE HARDING ENTERED A PLEA OF GUILTY.

Assignment of Error II:

> TRIAL COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE IN VIOLATION OF HARDING'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ARTICLE I, §§ 5, 10 AND 16.

## III. Law and Analysis

### A. Validity of Guilty Plea

{¶14}  In his first assignment of error, Harding contends that his guilty plea was not knowing, voluntary, and intelligent because the trial court failed to inform him of the maximum potential sentence. In particular, Walters argues that the trial court failed to explain that the entire sentence would be mandatory, and failed to explicitly state that he would not be eligible for community control, judicial release, or earned credit during the plea hearing.

{¶15} In deciding whether to accept a guilty plea, the trial court must determine whether the plea was made knowingly, intelligently, and voluntarily. *State v. McDaniel,* 4th Dist. Vinton No. 09CA677, 2010–Ohio–5215, ¶ 8. The failure to satisfy any one of these requirements renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution. *State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 7; *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). " 'An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards.' " *State v. Leonhart,* 4th Dist. Washington No. 13CA38, 2014–Ohio–5601, ¶ 36, quoting *State v. Moore,* 4th Dist. Adams No. 13CA965, 2014–Ohio–3024, ¶ 13. "In other words, appellate courts will conduct their own, independent review of the record without any deference to the trial court." *State v. Johnson*, 4th Dist. Scioto No. 14CA3612, 2016-Ohio-1070, ¶ 5.

{¶16} "Before accepting a guilty plea, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C)." *McDaniel* at ¶ 8, citing *State v. Morrison,* 4th Dist. Adams No. 07CA854, 2008–Ohio–4913, ¶ 9. The trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). The trial court must also inform the defendant of other matters under Crim.R. 11(C)(2)(b) and (c).

{¶17} This case involves the trial court's notification of non-constitutional rights under Crim.R. 11(C)(2)(a) for which substantial compliance is sufficient. " 'Substantial compliance

means that, under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he waived.' " *McDaniel* at ¶ 13, quoting *State v. Vinson,* 10th Dist. Franklin No. 08AP–903, 2009–Ohio–3240, ¶ 6.

{¶18} A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must generally prove prejudice, which in this context means that the plea would otherwise have not been entered. *Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, at ¶ 15. An exception to the prejudice requirement occurs when the trial court totally fails to comply with Crim.R. 11:

> When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a non[-]constitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. The test for prejudice is "whether the plea would have otherwise been made." If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. "A complete failure to comply with the rule does not implicate an analysis of prejudice."

(Emphasis sic.) (Citations omitted.) *State v. Clark,* 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 32:

{¶19} In the case sub judice, the trial court failed to explicitly inform Harding during the plea colloquy that he would be ineligible for community control, judicial release, or earned credit

because of the mandatory nature of his prison sentence for the second-degree felony count of trafficking in drugs. The "Guilty Plea" form presented to Harding and signed by Harding was also incomplete and did not explicitly announce the mandatory nature of his prison sentence. Nevertheless, the trial court did not completely fail to comply with Crim.R. 11(C)(2)(a). As mentioned above, the trial court in summarizing the parties' plea agreement, explained to Harding that "there is a mandatory term of incarceration ranging from a term of two, three, four, five, six, seven, or eight years in a state penal facility [for the second-degree felony offense of trafficking in drugs]". Harding affirmatively stated more than once that he understood the statutory penalties involved and had no questions for the trial court.

{¶20} Because of the trial court's partial compliance, Harding must establish prejudice in order to vacate his guilty plea, i.e., that he would not have pleaded guilty had he known that his sentence included four years of mandatory prison time, which rendered him ineligible for community control, judicial release, or earned credit.

{¶21} First, we note that Harding affirmatively stated that he understood the penalties involved, including an affirmative response after the trial court expressly stated that imposition of a prison term was mandatory. We further note that while the trial court failed to expressly state that Harding was ineligible for community control; it also did not falsely advise him that community control was an available sanction. The trial court also made no misrepresentation concerning judicial release or earned credit during the plea colloquy.

{¶22} Although the written "Guilty Plea" form that Harding signed included statements referring to community control "[i]f this court is not required by law to impose a prison sanction," this conditional language should not be deemed inordinately confusing in the absence of any expression of doubt by the defendant. *Accord State v. McIntosh*, 4th Dist. Scioto Nos.

17CA3792 & 17CA3801, 2018-Ohio-51, ¶ 24. In the case sub judice, neither Harding nor his counsel ever suggested that he was eligible for community control; rather, the transcript of the change of plea hearing demonstrates that Harding affirmatively acknowledged that a prison sentence was mandatory.

{¶23}   Finally, this Court recently held that a trial court's failure to advise the defendant at the plea hearing that he or she would be ineligible for community control because of his or her mandatory prison term does not prejudice the defendant. *McIntosh* at ¶ 25. "[A] trial court substantially complies with the Crim.R. 11(C)(2)(a) requirement that the defendant understand 'that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing' 'when the court informs a defendant that a mandatory prison sentence will be imposed and the defendant subjectively understands that his sentence must include prison time.' " *Id*., quoting *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 15, in turn citing *State v. Brown*, 11th Dist. Geauga No. 2003-G-2504, 2004-Ohio-1843, ¶ 13. " 'The reasoning is that a defendant who understands that actual incarceration is mandatory necessarily understands that he is ineligible for probation or community control sanctions and, therefore, cannot demonstrate prejudice as a result of the court's failure to comply literally with the rule.' " *Id*.

{¶24}   After considering the totality of the circumstances, we conclude that the trial court partially complied with the notification requirement of Crim.R. 11(C)(2)(a) by advising Harding during the plea colloquy that he was subject to a mandatory prison term, which necessarily made him ineligible for community control sanctions, early judicial release, and earned credit. Additionally, Harding has not established the requisite prejudice to invalidate his guilty plea. In other words, we cannot conclude from the record evidence that Harding would not have entered

a guilty plea had the trial court taken greater care in advising him during the plea hearing about his mandatory prison term and consequent ineligibility for community control, judicial release, and earned credit. Rather, the record reflects that Harding subjectively understood the nature of his sentence and the fact that he would be required to serve a mandatory prison term. Accordingly, we overrule Harding's first assignment of error.

### B. Assistance of Counsel

{¶25} In his second assignment of error, Harding contends that his trial counsel provided constitutionally ineffective assistance by (1) failing to inform him that any prison term imposed was a mandatory prison term, thereby making him ineligible for community control, judicial release, and earned credit; and (2) failing to inform the trial court that he had a disability which required that he have an I.E.P. (Individualized Educational Plan) while attending school.

{¶26} To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011–Ohio–3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to satisfy either part of the test is fatal to the claim. *Strickland* at 697; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989). "Because this issue cannot be presented at trial, we conduct the initial review." *State v. Plymale*, 4th Dist. Gallia No. 15CA1, 2016–Ohio–3340, ¶ 34.

{¶27} The defendant has the burden of proof because in Ohio, a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 62. In reviewing the claim of ineffective assistance of counsel, we must indulge in

"a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Quotations omitted.) *Strickland* at 689. Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. *Gondor* at ¶ 61.

{¶28} Here, even if we were to assume *arguendo* that Harding's counsel acted deficiently for the reasons alleged by Harding, Harding has failed to sufficiently demonstrate that the deficiencies prejudiced him. As previously noted, Harding on more than one occasion stated at the plea hearing, after explanation from the trial court, that he understood the maximum penalties involved and the mandatory nature of the sentence. Thus, even if his counsel failed to properly inform him, he was informed by the trial court and still decided to enter a guilty plea.

{¶29} With respect to Harding's claim that he was prejudiced by his counsel's failure to inform the trial court of an alleged mental disability, we note that the trial court directly asked Harding at the plea hearing if he was currently suffering from any mental condition that rendered him incapable of understanding the proceedings. He answered that he suffered from no conditions and was able to understand the proceedings. Specifically, the following discussion was held at the plea hearing:

COURT: Now Mr. Harding before I can accept a plea of guilty I need to advise you of your rights and ask you certain questions to determine if your plea's being made voluntarily, meaning of your own free will and also it's being made knowingly and intelligently, meaning that you understand what's happening here this morning. So except for the underlying plea agreement which has already been

stated for the purposes of the record have there been any threats or promises made to you to get you to change your plea in this case?

MR. HARDING: No.

COURT: And have you had adequate time to spend with Mr. Saunders and to seek his guidance and counsel in this matter?

MR. HARDING: Yeah.

COURT: Are you currently under any mental or physical condition this morning that would render you unable to understand what's happening here?

MR. HARDING: No.

COURT: Are you under the influence of alcohol or drugs of abuse that would render you unable to understand what's happening here this morning?

MR. HARDING: No sir.

* * *

COURT: Okay, thank you. How old are you Mr. Harding?

MR. HARDING: 23.

COURT: And how far through school did you get?

MR. HARDING: Uh, I got to the eleventh grade.

COURT: Okay. Do you have a GED?

MR. HARDING: No sir.

COURT: Made an [sic] preparations toward obtaining a GED?

MR. HARDING: Yes sir.

COURT: Tell me about that please.

MR. HARDING: Um, I tried to go to um, school to get back in school to go get my GED. Like I take class…try to take class, I tried to get back in school to get it, you know what I mean. I'm …inaudible…

COURT: Okay.

MR. HARDING: So I still need to get it. I still need to go get it.

COURT: Sure, sure and I would encourage you to do that.

MR. HARDING: Yes sir.

* * *

COURT: Okay, okay, very well. Now Mr. Harding we've been talking about this charge and the language of the statute, or in other words legal terms. Are there any uncommon or unfamiliar terms there that you need further defined?

MR. HARDING: No sir.

{¶30}  As evidenced by the above colloquy, the trial court went to great lengths to ensure that Harding was acting voluntarily, knowingly, and intelligently in entering his guilty plea. More importantly, the trial court asked Harding if he suffered from any mental condition that

would prevent him from understanding the proceedings, and Harding answered that he did not suffer from any mental conditions and that he understood what was happening. Thus, it cannot be sincerely argued that Harding was prejudiced by his counsel's alleged failure to notify the trial court that Harding participated in Individualized Educational Plans while in school. Harding had ample opportunity to raise the issue himself, and more importantly, there is no indication from the record that Harding did not fully understand the consequences of entering a guilty plea.

{¶31} Based on the foregoing, we conclude that Harding has failed to show that his counsel's alleged deficiencies prejudiced him. Accordingly, we overrule Harding's second assignment of error.

### IV. Conclusion

{¶32} Having overruled both of Harding's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and Abele, J.: Concur in Judgment and Opinion.


For the Court


By: _____
        Marie Hoover, Presiding Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**